**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

JOHN QUINCY ADAMS                                                                 PLAINTIFF

VS.                                                         CIVIL ACTION NO.:  3:20-CV-469-HTW-LGI

JENNIFER HALL, ET AL.                                                          DEFENDANTS

## ORDER OF DISMISSAL

This cause came to be heard on the motion [doc. no. 14] of the Defendants for dismissal of this lawsuit based on Eleventh Amendment Immunity Grounds. The Defendants are the members of the Board of Directors of the Pearl River Valley Water Supply District.[1]  The Plaintiffs herein, John Quincy Adams and Alean Adams, oppose the motion.  Briefing has been completed.  Additionally, this court on August 27, 2021, conducted a hearing in this matter and heard oral arguments on Defendants' motion to dismiss.

This is a putative class action suit brought by John Quincy Adams and  Alean Adams, on behalf of themselves and former landowners who owned property near what today is the Ross Barnett Reservoir ("Reservoir").  Plaintiffs contend that around the year 1960, they sold approximately two acres of land comprising a part of their homestead to the Pearl River Valley

---

[1] The Pearl River Valley Water Supply District is created pursuant to  Miss. Code Ann. §§ 51-9-101 *et seq*. cited as the Pearl River Valley Water Supply District Law. Miss. Code Ann. § 51-9-105 provides that "[t]his water supply district shall be an agency of the state and a body politic and corporate, and may be composed of one or more entire counties." *Id.*

1

Water Supply District (hereafter "PRVWSD"). Plaintiffs say this sale was made under threat of condemnation. They did not want to sell their property, say Plaintiffs, but were told if they did not, the PRVWSD would take them to court and condemn the property. Plaintiffs additionally claim that the PRVWSD did not comply with the statutory mandates regarding the resale or leasing of property purchased from landowners such as themselves.

## PLAINTIFF'S CLAIMS

Plaintiffs contend that the PRVWSD board of directors violated their rights by failing to comply with the provisions of Miss. Code Ann. § 51-9-121(f).[2] That section provides that when land acquired by the PRVWSD "is to be rented, leased, or sold to any person, firm, or corporation for the purpose of operating recreational facilities thereon for profit," the PRVWSD shall advertise for public bids on that property. *Id*. After the board has received bids and determined the "highest and best bid submitted," the board is required, under the statute, to "immediately notify the former owner of the site or plot of the amount, terms, and conditions of the highest and best bid." *Id.* The former owner then has "the exclusive right at his option, for a period of thirty (30) days after the determination of the highest and best bid by the board, to rent,

---

[2] Miss. Code Ann §51-9-0121 (f) provides in most pertinent part:
. . .
Moreover, where any site or plot of land is to be rented, leased, or sold to any person, firm, or corporation for the purpose of operating recreational facilities thereon for profit, then the board shall, by resolution, specify the terms and conditions of the sale, rental, or lease, and shall advertise for public bids thereon. When bids are received, they shall be publicly opened by the board, and the board shall thereupon determine the highest and best bid submitted and shall immediately notify the former owner of the site or plot of the amount, terms, and conditions of the highest and best bid. The former owner of the site or plot shall have the exclusive right at his option, for a period of thirty (30) days after the determination of the highest and best bid by the board, to rent, lease, or purchase said site or plot of land by meeting such highest and best bid and by complying with all terms and conditions of the renting, leasing, or sale as specified by the board. However, the board shall not in any event rent, lease, or sell to any former owner more land than was taken from the former owner for the construction of the project, or one-quarter ( ¼ ) mile of shoreline, whichever is the lesser. If this option is not exercised by the former owner within a period of thirty (30) days, then the board shall accept the highest and best bid submitted.
. . .
*Id.*

lease, or purchase said site or plot of land by meeting such highest and best bid and by complying with all terms and conditions of the renting, leasing, or sale as specified by the board." *Id*. If the former owner does not exercise this option within 30 days, "the board shall accept the highest and best bid submitted." *Id*.

Plaintiffs allege that the PRVWSD board members failed to provide the required notice under Miss. Code Ann. § 51-9-121(f) to former owners of property interests "held in trust by the PRVWSD for former landowners, their heirs at law and successors in interest" [Dkt. 12 at 12 including the Adamses.

Plaintiffs assert the following causes of action: (1) Fourteenth Amendment[3] violation of procedural and substantive due process; (2) "per se takings" violation under the Fifth[4] and Fourteenth Amendments; (3) "taking without just compensation" under the Fifth and Fourteenth Amendments; (4) "derogation of trust"; (5) breach of the "duty of prudence and loyalty"; (6) breach of fiduciary duty; and (7) violations of the "Mississippi Uniform Trust Code."[5] [Dkt. 12 at 22-33].

---

[3]   The Fourteenth Amendment to the United States Constitution guarantees: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., Amend. XIV.

[4]   The Fifth Amendment to the United States Constitution guarantees: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const., Amend. V.

[5] The Mississippi Uniform Trust Code ,codified at Miss. Code Ann. §91-8-101 *et seq*., applies to all trusts created before or after its enactment.  It  governs the duties and powers of a trustee or any other fiduciary, relations among trustees and such other fiduciaries, and the rights and interests of a beneficiary.

Plaintiffs state in their briefs that they are suing the board members in their official capacity for prospective injunctive and declaratory relief only, and not for damages. Defendants claim that Plaintiffs here primarily seek money damages. Specifically, say Defendants, Plaintiffs request an award of "monetary relief that is 'ancillary' to injunctive relief against the board of directors of the PRVWSD, in their official capacities." [Dkt. 12 at 35]. Defendants point to Plaintiff's prayer for relief in their Amended Complaint, in which Plaintiffs, in addition to seeking declaratory relief, ask this court for approval of a plan for the orderly administration of 'monetary relief that is "ancillary" to injunctive relief against the members of the board of directors of the PRVWSD, in their official capacities." [Dkt. 12 at 36].

## ELEVENTH AMENDMENT IMMUNITY

The Defendants herein are the members of the Board of Directors of the PRVWSD. This lawsuit was originally brought against the PRVWSD itself, but after the Defendant filed a motion to dismiss based on Eleventh Amendment[6] immunity grounds, Plaintiffs amended their Complaint to name instead the thirteen board members in their official capacities.

The PRVWSD is a State agency, established by the Mississippi Legislature in 1958. See Miss. Code Ann. §15-9-101 *et seq.* The PRVWSD was created, among other reasons, for the "preservation, conservation, storage, and control of the waters of the Pearl River and its tributaries and its overflow waters for domestic, municipal, commercial, industrial, agricultural and manufacturing purposes, for recreational uses, for flood control, for timber development,

---

§ 73:5.*Validity, construction, and application of the Mississippi Uniform Trust Code,* 8 MS Prac. Encyclopedia MS Law § 73:5 (2d ed.).

[6] The Eleventh Amendment to the United States Constitution provides as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Amend. XI.

irrigation and pollution abatement." Miss. Code Ann. §51-9-103. According to the Defendants, the source of funds for the PRVWSD is state funds, subject to control by the Mississippi Legislature and subject to the State of Mississippi's budgeting and appropriations process. Plaintiffs do not dispute that the PRVWSD is a state agency.

The Eleventh Amendment prohibits suits in federal court against nonconsenting States filed by their own citizens or citizens of other States. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); see also *Perez v. Region 20 Educ. Serv. Ctr.,* 307 F.3d 318, 326 (2002) (the Eleventh Amendment bars plaintiffs "from suing a state in federal court unless the state consents to suit or Congress has clearly abrogated the state's sovereign immunity").

Eleventh Amendment immunity also precludes suits against state agencies, Departments, and instrumentalities that are considered "arms of the state." *Id.;* see Also *U.S. Oil Recovery Site Potential Responsible Parties Group v. R.R. Comm'n of Texas*, 898 F.3d 497, 501 (5th Cir. 2018). The State's immunity likewise extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Pennhurst*, 465 U.S. at 121; *Hughes v. Savell*, 902 F.2d 376, 377-78 (5th Cir. 1990). U.S. at 100-01. As this court stated in *Barry v. Fordice,* 814 F.Supp 511 (1992), "[w]hen the action is in essence one for the recovery of money from the State, the State is the real substantial party in interest, and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Barry v. Fordice,* 814 F. Supp. 511, 514 (S.D. Miss. 1992), aff'd, 8 F.3d 1 (5th Cir. 1993).

Plaintiffs, though, say the Eleventh Amendment does not bar their claims. This civil action seeks "prospective" declaratory and injunctive relief for ongoing and continuing violations of federal law, say Plaintiffs, which brings them under the *Ex Parte Young* exception

to the Eleventh Amendment bar. *Ex parte Young,* 209 U.S. 123 (1908). While the Eleventh Amendment bars lawsuits brought by citizens in federal courts against a state, including "official capacity" suits against state officials, this proscription, under the *Ex Parte Young* doctrine, does not extend to suits seeking prospective injunctive relief against state officials for constitutional violations. See *Fontenot v. McCraw,* 777 F.3d 741, 752 (5th Cir.2015) ("official-capacity actions for *prospective* relief are not treated as actions against the State) (emphasis added).

This civil action, say Plaintiffs, is grounded in federal law for prospective relief that is "ancillary" to declaratory and injunctive relief against the members of the board of directors of the PRVWSD. Plaintiffs, in their briefs, claim they seek redress for ongoing and continuing violations of federal law. In their briefs Plaintiffs also say, in an attempt to fall within *the Ex Parte Young* exception, that they are suing the board members in their official capacity for prospective injunctive and declaratory relief only, and not for damages.

That is not to say that the Eleventh Amendment does not apply to suits seeking an injunction, a remedy available only from equity. Limiting the strictures of the Eleventh Amendment to a suit for a money judgment, would ignore the explicit language and contradict the very words of the Amendment itself. *Cory v. White*, 457 U.S. 85, 91 (1982).

The Fifth Circuit Court of Appeals, in *Brennan v. Stewart*, stated that the Eleventh Amendment and the *Ex Parte Young* doctrine together create a relatively simple rule regarding state immunity. The Court stated that rule as follows: "Basically, prospective injunctive or declaratory relief against a state is permitted—whatever its financial side-effects—but retrospective relief in the form of a money judgment in compensation for past wrongs—no matter how small—is barred." *Brennan v. Stewart*, 834 F.3d 1248, 1253 (1988).

In order to apply *Ex Parte Young*, the "court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.' " *Bowling v. Roach*, 816 F. App'x 901, 903–04 (5th Cir. 2020), cert. denied, 141 S. Ct. 2466, 209 L. Ed. 2d 529 (2021) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002));  see also  *Horizon Maryland, Inc. v. Public Serv. Comm'n,* 535 U.S. 635, 645 (2002); *Warnock v. Pecos Cty.,* 88 F.3d 341, 343 (5th Cir. 1996).

Despite Plaintiff's attempts to characterize this lawsuit as one seeking prospective relief for ongoing violations, counsel could not describe any ongoing violations by PRVWSD as pertaining to these two Plaintiffs; nor could he champion any relief for his clients other than monetary compensation.  Counsel for Plaintiffs then, could not explicate how the relief sought could be characterized as *prospective* or how the alleged violations by the PRVWSD could be considered as *ongoing*.

The property formerly owned by these Plaintiffs had been sold by the PRVWSD years earlier. In fact, during the hearing, Counsel for Plaintiffs conceded that as to John Quincy Adams and Alean Adams, the only two named Plaintiffs herein, the injury was in the *past*, and the relief sought would seek to correct a *past* wrong.  Counsel for Plaintiff stated more than once that for these two individual Plaintiffs, the violation occurred wholly in the past.

Counsel for Plaintiffs attempted to show, however, that Plaintiff John Quincy Adams was also a beneficiary under the will of his father, Joseph L. Adams, who had sold approximately 118 acres of land to the PRVWSD around the same time as the Plaintiffs.  Parts of Joseph Adam's land, according to Plaintiffs' counsel, remain undeveloped and in the hands of the PRVWSD.  Therefore, it should be subject, going forward, to the notice and other provisions of §51-9-121(f).

The estate of Joseph Adams, however, is not a party to this litigation.  The only Plaintiffs in this litigation are claiming redress for injuries that occurred in the past.

Plaintiffs then argued that a violation of federal law is ongoing and, if a lawsuit on this basis is successful, the PRVWSD will be required, prospectively, to change its policies and practices to provide actual notice to former land owners and, otherwise to comply with the law.  This court is persuaded, however, that the two named plaintiffs herein cannot show any ongoing violation.  And, even if in the future, new parties may prove these alleged violations, that outcome will not profit the two plaintiffs herein.

Further, Plaintiffs herein are seeking monetary damages.  In their prayer for relief in their Complaint, Plaintiffs ask this court to confirm a plan for the orderly administration of 'monetary relief.'

This court is persuaded that the *Ex Parte Young* exception does not apply to Plaintiff's claims in this lawsuit and the Eleventh Amendment bars the claims of these Plaintiffs. These claims fail both prongs of the *Ex Parte Young* test. The violations alleged here are not ongoing. These violations allegedly occurred approximately sixty years ago.  Nor is the relief requested prospective in nature, but amounts to compensatory damages that would be paid from the state treasury, in contravention of the Eleventh Amendment.  See *Papason v. Allain,* 478 U.S. 265, 278 (1986) ("Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred [by the Eleventh Amendment] even when the state official is the named defendant.").  This is true even where the relief is styled as something else, but is  tantamount to an award of damages. *Id.* See also *Edelman v. Jordan*, 415 U.S. 651 (1974).

CONCLUSION

For all the reasons stated herein, the motion of the Defendants **[doc. no. 14] is granted** and this case is dismissed with prejudice.

SO ORDERED AND ADGUDGED, this the 2nd day of September, 2021.

    _s/ HENRY T. WINGATE_
**UNITED STATES DISTRICT JUDGE**